UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AMIGA, INC.,

                                Plaintiff,                 05CV8986 (DAB)

             -against-                         Declaration

GARRY HARE,

                                Defendant.
-------------------------------------------------------------------X

       Garry Hare, hereby declares the truth of the following under the penalties of perjury.

       1.  I am the Defendant in the above-entitled action and am fully familiar with the facts

stated in the declaration and know them to be true to my personal knowledge.

       2.  This Declaration is submitted in support of Defendant's application, as follows:

       (a)  Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, dismissing the
action for lack of subject matter jurisdiction;

       (b)  Pursuant to  Rule 12(b) of the Federal Rules of Civil Procedure, dismissing the
action for lack of personal jurisdiction;

       (c)  Pursuant to  Rule 12(b) of the Federal Rules of Civil Procedure, dismissing the
action for lack of proper venue, or, in the alternative;

       (d)  Pursuant to  Rule 12(b) of the Federal Rules of Civil Procedure and
9 USC §4, dismissing the action on the grounds that the controversy between the
parties is subject to an arbitration agreement or compelling Plaintiff to arbitrate.

       3.  Plaintiff is in the business of developing and distributing cross-device wired and

wireless communications technologies.  From in or about October 6, 2003 until August 4, 2005,

when I resigned for cause, I was employed by Plaintiff as its President and Chief Executive Officer

in accordance with an Employment Agreement dated October 6, 2003 (copy annexed hereto as

Exhibit A).   The Employment Agreement contains a broad arbitration clause which reads, in

pertinent part, as follows:

> In the event of a dispute hereunder which the parties are unable themselves to resolve, either party may submit such dispute to binding arbitration before a single arbitrator at the office of Judicial Arbitration and Mediations Services (JAMS) in San Francisco, California.

(Exhibit A, para. 8(a)).

4.   Because Plaintiff stopped paying me salary beginning in May 2005 (the April pay

period) and because the Chairman of Plaintiff, Pentti Kouri, on or about July 28, 2005, told me

that Plaintiff would not be paying me any past salaries due or future salaries until he otherwise

decided to do so, among other things, I resigned on August 4, 2005.  Over the next several

weeks, my personal attorney, Doug Ferguson, sent numerous requests to Mr, Kouri for salary and

expenses due me, along with detailed calculations.  However, Plaintiff refused to pay.  Thereafter,

on October 3, 2005 my arbitration counsel, Bruce Blakely, sent a further written demand, again

with calculations, to Plaintiff's attorneys, the Washington, D.C. office of Dickstein, Shapiro,

Morgan & Oshinsky, along with a fifteen (15) day notice that I would file for arbitration if the

matter were not resolved (copy annexed hereto as Exhibit B).

5.   Consequently, on October 19, 2005, I filed for arbitration with JAMS in San Francisco,

pursuant to the arbitration clause.  A copy of the Demand for Arbitration Before JAMS is

annexed hereto as Exhibit C.  A copy of the Demand for Arbitration Before JAMS was served on

Plaintiff on the same date for overnight delivery by Federal Express (Exhibit C, Proof of Service

VIA Federal Express).  It appears clear that one day after receiving the  Demand for Arbitration

Before JAMS, Plaintiff, on October 21, 2005, belatedly filed the within action in a transparent

2

attempt to thwart the pending arbitration.  No application has been made by Plaintiff to stay the arbitration before JAMS.

6.  The Complaint, a copy of which is annexed here as Exhibit D, in a rather perfunctory fashion, describes a plethora of eleven purported claims for relief: breach of duty of loyalty; misappropriation of trade secrets and confidential information; conversion; tortious interference with business relations; tortious interference with prospective economic advantage; fraudulent inducement; fraudulent concealment; negligent misrepresentation; defamation; commercial disparagement; and a declaratory judgment declaring the Employment Agreement unenforceable. On advice of counsel, rather than move against all eleven claims for relief for failure to state a claim upon which relief can be granted, Defendant, in the interest of judicial efficiency, will only address the procedural issues which it anticipates will be dispositive of this action.

Subject Matter Jurisdiction

7.  I am a citizen of the State of California and, as the Complaint acknowledges, reside in California (Exhibit D, para. 6).  However, contrary to the Complaint (Exhibit D, para. 4), Plaintiff is a Delaware corporation, not a New York corporation (see Exhibit E).  More importantly, contrary to the Complaint where Plaintiff falsely lists 167 Madison Avenue, Suite 301, New York, New York as its principal place of business (Exhibit D para,. 4), Plaintiff s principal place of business is located in my state, the State of California.  Since Plaintiff was incorporated in October 2003, I was the President and Chief Executive Officer.  The business of Plaintiff was always conducted from 225 Foster Avenue, Kentfield, California, from a separate structure located on my residential property.  Until August 2005, all sales and product records and most business records, including contracts, were maintained at that address.  All contracts with

customers contained that address as the address of the Plaintiff. I operated out of that address and sales people of the Plaintiff reported to me at that address. The majority of all telephone calls went to Plaintiff's phone number, 415-342-3777, at that address, most of the rest of the telephone calls going to my salespeople in California and Washington. Contracts, non-disclosure agreements, software development agreements and other documents were transmitted to or from the Plaintiff went through the fax number, 415-459-2440, at that address or through e-mail at a computer located at that address.. All management, contracting, sales and marketing and communications with potential employees, partners, software developers and other third parties was through this address. All third-party royalty checks and statements were sent to this address. In fact, when I resigned in August 2005, I delivered the books and records, including contracts of Plaintiff, to Gregory Sigel, the Vice President of Sales and Marketing, located at 57 Manor Drive, Kentfield, California 94904. The address of 167 Madison Avenue, Suite 301, New York, New York, listed as the Plaintiff's principal place of business in the Complaint, is merely a mail drop. Suite 301 at 167 Madison Avenue is the office of Cross Architecture. Within the office of Cross Architecture, an independent accountant, John Grzymala, maintains an office where he conducts his accounting business and does the bookkeeping for a number of companies, including the Plaintiff. No employees of Plaintiff have an office at 167 Madison Avenue. In fact, the Plaintiff has no employees located within New York State. The only connection the Plaintiff has with New York State is that the Chairman and majority stockholder, Pentti Kouri, lives in New York State. Accordingly, the principal place of business of Plaintiff has always been located in California. Therefore, as counsel advises me, it is respectfully submitted that this Court lack subject matter jurisdiction in this matter.

Personal Jurisdiction

8.  As stated, I am a citizen and resident of the State of California.  The business of Plaintiff was conducted in California.  But for a few meetings over the last few years, I have not engaged in the business of the Plaintiff in New York. Dispositively, the Complaint fails to allege any acts undertaken in New York on which long arm jurisdiction can be based.  In fact, concerning me, no personal or business connection at all with New York State is alleged in the Complaint.  Therefore, as counsel advises me, it is respectfully submitted that I am not subject to the personal jurisdiction of this Court.

Venue

9.  As stated, I reside in California.  Since, other than the false statement that the principal place of business of Plaintiff is located in New York State, the Complaint abjectly fails to allege that any events or omissions giving rise to the claim occurred in New York State, let alone that a substantial part occurred in New York State.  Furthermore, according to the Employment Agreement, not only is arbitration to take place in California, but the Employment Agreement and any dispute arising hereunder shall be interpreted and enforced under the laws of the State of California (Exhibit A, para 8(c)).  Additionally, I worked out of California; the principal place of business of Plaintiff is in California; I was to be paid in California, and all witnesses, except Mr. Kouri, are located on the West Coast, either in California or Washington.  These witnesses include, but are not limited to the following: Gregory Sigel (California), William McEwen (Washington), and Vince Pfeiffer (Washington), among others.  Therefore, as counsel advises me, it is respectfully submitted that this action should be dismissed due to improper venue or, that even if venue were technically proper, the venue of this action, in the discretion of the Court, is

more appropriate in Northern California.

Arbitration

10.  There can be no question that the Employment Agreement contains an arbitration clause (Exhibit A, para. 8(a) and that the arbitration clause extends to "any dispute hereunder." Certainly, "any dispute hereunder" covers my "duties (para. 2(a)), "my "best efforts ( para. 2(b), " compensation and benefits (Exhibit A, para. 4) "and "confidentiality and non-solicitation (Exhibit A, para. 7). "Hence, the Employment Agreement covers everything alleged in the Complaints, as well as my general employment and duties and obligations as an officer of Plaintiff, as well as attachment A to the Employment Agreement, the separate Confidentiality and Nonsolicitation Agreement.  Further, counsel advises me that even though the Complaint implies that the Employment Agreement was fraudulently induced, there is no claim, whatsoever, that the arbitration clause of the Employment Agreement was fraudulently induced.  Finally, Plaintiff continually refers to the Employment Agreement as a "contingent "agreement, contingent on Plaintiff, "through Hare's direct connections and efforts (Exhibit D, para. 11) "raising $1,000,000. However, Plaintiff's language only  implies that $1,000,000 was not raised, and Plaintiff carefully avoids stating that $1,000,000 was not raised.  That is because $1,000,000 was, in fact, raised, raised from the completion of a private placement on or about May 10, 2004.  As a result of the $1,000,000 raise, I was paid full salary back to the original October 6, 2003 date of employment. What is more disturbing is that Plaintiff purposely misstates the Employment Agreement and, consequently tries to materially mislead the Court by averring in the Complaint that the Employment Agreement required me, through my "direct connections and efforts (Exhibit D, para. 11) "to raise this money.  Nowhere in the Employment Agreement can Plaintiff point to

such language because it simply is not there.  In fact, the initial paragraph of the Employment

Agreement (Exhibit A) distinctly makes it the obligation of Plaintiff, not me.  I also wish to advise

the court that on November 4, 2005, JAMS, in San Francisco, initiated the subject arbitration and

has already circulated a list of potential arbitrators (Exhibit F).  Therefore, as counsel advises me,

it is respectfully submitted that this action should be dismissed because the disputes should be

arbitrated according to the Employment Agreement, or, in the alternative, that Plaintiff be

compelled to arbitrate this matter in accordance with the Employment Agreement.

WHEREFORE, Your declarant respectfully submits that the Court should grant

Defendant's motion in its entirety and such other and further relief as to it may seem just and

proper.

Dated: Kentfield, California
     November 10, 2005

_____S/_____
Garry Hare