USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/18/06

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
AMIGA, INC.,
                Plaintiff,
                                              05 Civ. 8986 (DAB)
     - against -                              ORDER

GARRY HARE,
                Defendant.
--------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

Plaintiff Amiga, Inc. ("Amiga") has filed the above-captioned case against Defendant Garry Hare ("Hare") for breach of loyalty, misappropriation of trade secrets and confidential information, conversion, tortious interference with business relations, tortious interference with prospective economic advantage, fraudulent inducement, fraudulent concealment, negligent misrepresentation, defamation, commercial disparagement, and for a declaratory judgment pursuant to 28 U.S.C. § 2201. Plaintiff's action against Defendant arises from alleged fraudulent misrepresentations and inducements by Defendant which led to an Employment Agreement between the Parties.

Defendant has moved to dismiss this action in favor of arbitration, pursuant to the arbitration clause in the Contingent Employment Agreement.[1] Plaintiff has cross-moved for the

Amiga, Inc. v. Hare                                                    Doc. 13

---

[1] In his initial motion, Defendant also moved to dismiss the Complaint based on lack of subject matter jurisdiction, lack of personal jurisdiction and improper venue. However, in his reply,

dismissal or stay of the arbitration.

The Employment Agreement ("the Agreement") at issue states that "This agreement in its entirety is contingent on KMOS, Inc. securing a minimum of $1,000,000 in funding for the operation of the Company." (Hare Decl. at Ex. A., p.1.)  Plaintiff Amiga was formerly known as KMOS, Inc. (Compl. ¶ 5.)  The Agreement detailed Plaintiff and Defendant's obligations and entitlements. The Agreement further provided that "In the event of a dispute hereunder . . . , either party may submit such dispute to binding arbitration before . . . the office of Judicial Arbitration and Mediations Services (JAMS) in San Francisco, California."  (Hare Decl. at Ex. A., p.3.)

Plaintiff claims that the Agreement is void because the condition precedent, namely the securing of a minimum of $1,000,000 in funding, was never met.  Plaintiff also argues that the responsibility of securing the $1,000,000 was that of Defendant.  (Pl.'s Mem. Law at 14.)  Plaintiff claims that "A plain and common sense reading of [the Agreement] supports this conclusion."  (Id.)

Defendant, however, contends that the Agreement is not void,

---

Defendant has withdrawn those motions, leaving only his motion on the arbitration agreement and Plaintiff's cross-motion on the same for the Court's determination. (Hare Reply Aff. ¶ 7.)

and that the Agreement clearly states that it was Plaintiff's obligation to secure the $1,000,000. In support of this argument, Defendant attaches documentation of a Subscription Agreement whereby Plaintiff obtained $1,000,000 in exchange for 421,052 common shares of KMOS, Inc. (Hare Reply Decl. at Ex. B.) Defendant also attaches documentation of Earnings Statements issued to him by Plaintiff. (Id. at Exs. C and D.)

"If the contract embodying a purported arbitration agreement never existed, the arbitration agreement itself does not exist." Adams v. Suozzi, 433 F.3d 220, 226 (2d Cir. 2005). Hence, a party alleging that a contract is void, can avoid arbitration and set the issue for trial. Id. at 227 (citing Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins., 263 F.3d 26, 32 (2d Cir. 2001)). However, a party making a claim that the contract is void, "must present 'some evidence' in support of its claim." Sphere Drake, 263 F.3d at 30 (citing Interocean Shipping Co. v. Nat'l Shipping & Trading Corp., 462 F.2d 673, 676 (2d Cir. 1972) and Almacenes Fernandez, S.A. v. Golodetz, 148 F.2d 625, 628 (2d Cir. 1945)).

As an initial matter, the Court addresses Plaintiff's contention that the Agreement provides that Defendant is responsible for the $1,000,000 financing, which was a condition precedent to the existence of the Agreement. Plaintiff states that "there is no question that the agreement required defendant

3

to satisfy the condition precedent." (Pl.'s Mem. Law at 14.) Plaintiff further states that "Indeed, it strains credulity for defendant to maintain that Amiga would agree to award him significant amounts of stock and compensate him with a substantial salary and other generous benefits without requiring him to first demonstrate his ability to generate investments for Amiga." (Id. at 15.)

It is a well-settled rule in contract law that "where the language is clear, unequivocal and unambiguous, the contract is to be interpreted by its own language . . . and enforced according to its terms." R/S Assoc. v. N.Y. Job Devel. Auth., 98 N.Y. 2d 29, 32 (2002). "If a contract is clear, courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." Torres v. Walker, 356 F.3d 238, 245 (2d Cir. 2004).[2]

The Agreement states that "[it] is contingent on [Plaintiff] securing a minimum of $1,000,000 in funding for the operation of the Company." (Compl. at Ex. A, p.1.) The language of the

---

[2] The Parties have primarily relied upon New York law in their submissions. Such "implied consent is sufficient to establish choice of law." Tehran-Berkeley Civil & Envtl. Eng'rs v. Tippetts-Abbett-McCarthy-Stratton, 888 F.2d 239, 242 (2d Cir. 1989).

4

Agreement could not be more clear that it was Plaintiff's responsibility, not Defendant's responsibility, to secure the $1,000,000. Nothing in the Agreement supports Plaintiff's interpretation of that clause of the Agreement, other than Plaintiff's self-serving declaration submitted by Mr. Kouri. (Kouri Decl. ¶¶ 30-31.)

More significantly, Defendant has provided the Court with documentation that seems to suggest that Plaintiff did in fact, comply with its obligation under the Agreement to secure $1,000,000. (Hare Reply Decl. at Exs. B-D.)

Although it is true that in New York, no contract is formed if a condition precedent to the existence of formation of the contract is not satisfied, see Adams, 433 F.3d at 227, Plaintiff has failed to support its claim that the contract is void with any factual allegations or any explanation to refute documentation provided by Defendant which indicates that the condition precedent was satisfied, and that the Parties abided by the Agreement, at least for some time. Other than the conclusory statements in the Kouri Declaration, and in the Complaint, Plaintiff has failed to meet even the rather light burden of presenting "some evidence" that would demonstrate that the contract between the Parties was void.

Accordingly, Plaintiff's claims are not appropriate for

adjudication before this Court.

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED.

The Clerk of the Court is DIRECTED to close this case and remove it from the Court's docket.

SO ORDERED.

Dated:   New York, New York
         May 18, 2006

_____
DEBORAH A. BATTS
United States District Judge